IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONSOLIDATION COAL CO.,

      Plaintiff,                        14cv0421
                                            **ELECTRONICALLY FILED**

      v.

SAMUEL UVEGES, BETTY UVEGES,

      Defendants.

**MEMORANDUM ORDER OF COURT RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. NO. 17), DEFENDANT BETTY UVEGES' MOTION FOR RECONSIDERATION AND [TO] DISMISS COMPLAINT IN INTERPLEADER (DOC. NO. 30), AND DEFENDANT SAMUEL UVEGES' MOTION TO SET ASIDE DEFAULT JUDGMENT AND MOTION TO DISMISS (DOC. NO. 34)**

### I.    Introduction

This case centers on the allocation of Longshore and Harbor Workers' Compensation Act benefits between a divorced couple. The case was initiated in this Court by Plaintiff, Consolidation Coal Co. ("Consol"), who filed a Complaint for Interpleader. Doc. No. 1. Samuel and Betty Uveges, formerly husband and wife, are named as Defendants. Samuel Uveges receives weekly benefits from Plaintiff as a result of injuries suffered in 1988 while he was employed as a dockman at one of Plaintiff's mines. Doc. No. 1, ¶¶ 8-9. These benefits are currently $1,009.00 a week. Id. Samuel Uveges will continue to receive these benefits for the remainder of his lifetime. Id.

Defendants were divorced in 2011 in the Court of Common Pleas of Greene County, Pennsylvania. Doc. No. 1, ¶ 11. In early 2014, the Honorable William R. Nalitz found that Samuel Uveges owed Betty Uveges over $56,000.00 in court-ordered alimony and $15,000.00 in attorneys fees. Id. at ¶ 13. As part of his Order, Judge Nalitz directed that "the sum of $2,000.00

per month shall be deducted and withheld from the Defendant's monthly Longshoreman's Benefits . . . . This amount shall increase by 50% of any future increases in the Defendant's award." Doc. No. 1-1, 3. Samuel Uveges has appealed this Order to the Superior Court of Pennsylvania and contends that Longshoreman's benefits cannot be attached pursuant to 33 U.S.C. § 916.

Plaintiff filed a Motion to Deposit Funds with the Clerk of Courts contemporaneously with filing the Complaint. Doc. No. 2. The Court granted Plaintiff's Motion and directed that the amount of $71,912.80 be deposited into the Registry of the Court. The funds represented $56,912.80 in alimony and $15,000.00 in attorneys fees for Betty Uveges.

Plaintiff contends that the Longshoreman's benefits cannot be attached because they are exempt from attachment pursuant to 33 U.S.C. § 916 and moves this Court to require that Defendants interplead this issue so that the dispute as to the rights to the funds paid into the Court can be resolved. Doc. No. 1, 3. Plaintiff contends that interpleader is necessary because if it does not attach the Longshoreman's benefits it will be in violation of Judge Nalitz's Order or if it attaches the benefits and pays them to Betty Uveges, as ordered by the Court, it will be subject to action by Samuel Uveges.

On June 12, 2014, Plaintiff filed a Motion for Default Judgment and Requests for Entry of Default against Defendants. Doc. Nos. 17-19. The Court entered Plaintiff's proposed order and ordered Defendants to brief the issue of whether 33 U.S.C. § 916 bars the attachment of Samuel Uveges' Longshoreman's benefits. Doc. No. 20.

## II. Discussion

Presently before this Court are Betty Uveges' Motion for Reconsideration and [to] Dismiss the Complaint in Interpleader and Samuel Uveges' Motion to Set Aside Default and

Motion to Dismiss, in which Defendants move this Court to find that the issue of attachment of the contested Longshoreman's Benefits is exclusively before the Superior Court of Pennsylvania. Doc. Nos. 30 and 34.

The basis of this case is Plaintiff's request to have this Court rule whether Samuel Uveges' Longshoreman's benefits can be attached to satisfy his court-ordered alimony obligation to his ex-wife. This exact issue, involving the same ex-husband and ex-wife, is currently on appeal to the Superior Court of Pennsylvania. If this Court were to issue an opinion in this case, it would in essence be acting as an appeals court, *i.e.* a ruling would either confirm that the State Court Judge's ruling was "correct" or find that the Judge's ruling was "not correct." Either result is untenable.

The Court agrees with the analysis of the Honorable Adalberto Jordan, then United States District Judge for the Southern District of Florida, and now United States Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, that a District Court does not have subject-matter jurisdiction for federal review of an interpleader action of a State Court Judge's interpretation of the Longshore and Harbor Workers' Compensation Act. *Cigna Property and Casualty v. Ruiz*, 254 F.Supp.2d 1262 (S.D. Fla. 2003) (cited by Defendant Betty Uveges). Although, as noted by Plaintiff, *Cigna* is distinguishable because, unlike Consol, Cigna was a party to the divorce case and appealed the order of attachment in the State Court of Florida before filing suit in the United States District Court for the Southern District of Florida, the effect of a ruling by a United States District Judge, in either case, would require the Judge to rule on the validity and wisdom of the State Court Judge's ruling. This is not appropriate.

The Courts of the Commonwealth of Pennsylvania are well-equipped to adjudicate the claims between Samuel and Betty Uveges. Unfortunately for Plaintiff, this Court cannot act as a

final arbitrator for individuals or corporations who do not agree with rulings by Judges within this Commonwealth or who may be exposed to conflicting claims because of State Court decisions. If this Court were to rule on whether Samuel Uveges' Longshoreman's benefits can be attached, this could subject all three parties to inconsistent obligations. Any inconsistency between Orders issued by this Court and the Superior Court of Pennsylvania could cause confusion and prompt further litigation. Therefore, the Court will not rule whether Samuel Uveges' Longshoreman's benefits can be attached to satisfy his alimony obligations to Betty Uveges. However, the Court will not wholly dismiss Plaintiff's Complaint.

Samuel Uveges requests that the Court stay the case if the Court does not accord him complete relief. Doc. No. 34, 2. Plaintiff does not object to this course of action. Doc. No. 31, 5. Therefore, the case will be administratively closed pending the result of Samuel Uveges' appeal to the Superior Court of Pennsylvania.

### III. Order

AND NOW, this 9th day of July, 2014, IT IS HEREBY ORDERED THAT:

1. Defendant Betty Uveges' Motion for Reconsideration and [to] Dismiss the Complaint in Interpleader (Doc. No. 30) is **GRANTED IN PART AND DENIED IN PART**;

2. Defendant Samuel Uveges' Motion to Set Aside Default and Motion to Dismiss (Doc. No. 34) is **GRANTED IN PART AND DENIED IN PART**;

3. Plaintiff's Motion for Default Judgment (Doc. No. 17) is **DENIED AS MOOT**;

4. The Clerk of Court shall mark this case **ADMINISTRATIVELY CLOSED**; and

5. The Parties may petition this Court for disbursement of funds once a final ruling is issued by the Courts of the Commonwealth of Pennsylvania as to whether Samuel Uveges' Longshoreman's benefits may be attached.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties